# STANDING ORDER IN PATENT CASES

1. **Application of Standing Order**

    (a) This Standing Order applies to patent infringement, validity and unenforceability actions and proceedings filed in or transferred to this District except those in which a 26(f) conference was held before the effective date of this Standing Order. The Court may modify the obligations or deadlines set forth in this Standing Order based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case as shown by the patents, claims, technology, products, or parties involved.

    (b) The Local Civil Rules and the Standing Order on Scheduling in Civil Cases also apply to such actions and proceedings, except to the extent they are inconsistent with this Standing Order.

2. **Initial Scheduling Conference**

    When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties must discuss and address in the report filed pursuant to Fed. R. Civ. P. 26(f):

    (a) any proposed modification of the deadlines or proceedings set forth in this Standing Order;

    (b) proposed format of and deadlines for claim construction filings and proceedings, including a proposal for any expert discovery the parties propose to take in connection therewith; and

    (c) proposed format of and deadlines for service of infringement, non-infringement, invalidity and/or unenforceability contentions, including any proposed deadlines for responses thereto or supplementation thereof.

3. **Certification of Disclosures**

    All statements, disclosures, or charts filed or served in accordance with this Standing Order are deemed disclosures subject to Rule 26(g) of the Federal Rules of Civil Procedure.

4. **Admissibility of Disclosures**

    Statements, disclosures or charts governed by this Standing Order are admissible to the extent permitted by the Federal Rules of Evidence or Civil Procedure. However, the statements and disclosures provided for in Paragraph 11 of this Standing Order are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by this Standing Order shall be taken.

5. **Discovery Objections Based on Standing Order**

    A party may object to a mandatory disclosure under Fed. R. Civ. P. 26(a) or to a discovery request as conflicting with or premature under this Standing Order only if the mandatory disclosure or discovery request would require disclosure of (a) information of the kind dealt with by Paragraphs 6, 7, 8, 10, 11 and 12 of this Standing Order or (b) responses to such information. Where a party properly objects to a discovery request or declines to provide information in its initial disclosures, that party shall provide the requested information by the date on which it is required to be provided under this Standing Order, or as otherwise required by the Court, unless there exists another legitimate grounds for objection. Contentions responsive to information of the kind dealt with by Paragraphs 6, 7, 8, 10, 11 and 12, if sought, may be provided forty-two (42) days after the date on which the information is provided, unless otherwise required by the Court.

6. **Disclosure of Asserted Claims and Infringement Contentions**

    Unless otherwise specified by the Court, not later than forty-two (42) days after the filing of the parties' 26(f) report, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions," which identifies for each opposing party, each claim of each patent-in-suit that is allegedly infringed and each product or process of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim.

7. **Invalidity Contentions**

    Unless otherwise specified by the Court, not later than forty-two (42) days after service of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement must serve upon all parties its "Invalidity Contentions," if any. Invalidity Contentions must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims.

8. **Disclosure Requirement in Patent Cases Initiated by Declaratory Judgment**

    In all cases in which a party files a pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Paragraph 6 of this Standing Order shall not apply with respect to such patent unless and until a claim for patent infringement of such patent is made by a party. If a party does not assert a claim for patent infringement in its answer to the declaratory judgment pleading, unless otherwise specified in the Court's Scheduling Order, the party seeking a declaratory judgment must serve upon all parties its Invalidity Contentions with respect to such patent that conform to Paragraph 7 of this Standing Order not later than forty-two(42) days after the filing of the parties' 26(f) report.

9. **Duty to Supplement Contentions**

   The duty to supplement in Fed. R. Civ. P. 26(e) shall apply to the Infringement Contentions and the Invalidity Contentions required by Paragraphs 6 and 7 of this Standing Order.

10. **Opinion of Counsel**

    Not later than forty-two (42) days after entry of an order ruling on claim construction, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, must produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production.

11. **Joint Disputed Claim Terms Chart**

    By a date specified by the Court, the parties shall cooperate and jointly file a Joint Disputed Claim Terms Chart listing the disputed claim terms and phrases, including each party's proposed construction, together with an identification of all intrinsic and extrinsic evidence that supports or opposes the construction relied upon by either party.

12. **Claim Construction Briefing**

    Unless otherwise specified by the Court:

    (a) Not later than thirty-five (35) days after filing of the Joint Disputed Claim Terms Chart pursuant to Paragraph 11 of this Standing Order, the parties must serve and file opening claim construction briefs and all supporting evidence and testimony.

    (b) Not later than thirty-five (35) days after service of the opening claim construction briefs, the parties must serve and file responses to the opening claim construction briefs and any additional supporting evidence and testimony.

13. **Confidentiality**

    (a) Discovery may not be withheld on the basis of confidentiality absent Court order. Pending entry of a protective order, the parties shall proceed as follows:

    (i) If any document, information including electronically stored information ("ESI"), or thing (collectively, "Material") produced is deemed confidential by the producing party, the Material shall be marked with the

level of confidentiality claimed (e.g. "Confidential", "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only"), by the disclosing party. Disclosure of the confidential Material shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s), except as set forth in 13(b).

    (ii)    If a party is not represented by an outside attorney, disclosure of the confidential Material shall be limited to one (1) designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party seven (7) days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure.

(b) After entry of a protective order, the limits on disclosure provided by such order shall apply.

    IT IS SO ORDERED,

    /s/ Omar A. Williams
    Omar A. Williams
    United States District Judge