# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VETO PRO PAC, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>VELOCITY WORKWEAR LTD. d/b/a VELOCITY PRO GEAR, and TOOL MONSTER LTD.<br><br>        Defendants. | Civil Action No. 3:23-cv-01349-OAW |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Veto Pro Pac, LLC, by and through its attorneys, Dilworth IP, LLC, hereby files its First Amended Complaint, with the opposing party's consent, pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff alleges and states as follows:

## THE PARTIES

1. Plaintiff Veto Pro Pac, LLC (hereinafter "Veto Pro Pac" or "Plaintiff") is a Connecticut Limited Liability Company having a place of business at 3 Morgan Avenue, Norwalk, Connecticut 06851.

2. Upon information and belief, Defendant Velocity Workwear Ltd. d/b/a Velocity Pro Gear (hereinafter "Velocity") is a company organized under the laws of the United Kingdom having a place of business at Unit 4, Broadfield Barns, Kidderminster Road, Droitwich, WR9 0PP, United Kingdom.

3. Upon information and belief, Defendant Tool Monster Ltd. (hereinafter "Tool Monster" or, collectively with Velocity, "Defendants") is a company organized under the laws

of the United Kingdom having a place of business at 80 Milecross Road, Newtownards, Co. Down, Northern Ireland, BT23 4SR, United Kingdom.

4. Velocity is owned by BAM Investire, Ltd. and Velocity, BAM Investire, Ltd., and Tool Monster have the same Director, Adam Bertie John Gilmore.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. and for violations of the Lanham Act, 15 U.S.C. § 1051 et seq., as it relates to trade dress.

6. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1338.

7. This Court has personal jurisdiction over Defendants in accordance with the Connecticut long-arm statute and due process.

8. Upon information and belief, Defendants have marketed to customers in the United States including Connecticut, through its website, social media, influencers, and distributors, and has offered to sell and/or sold its products to customers in Connecticut, directly and through distributors, facilitating and/or enabling users to purchase the infringing goods from and in Connecticut.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and/or (3) because this is the judicial district where a substantial part of the events giving rise to the claims occurred and where Defendants are subject to personal jurisdiction.

## BACKGROUND AND FACTS

10. Plaintiff is a leader in the manufacture and sale of premium tool bags and backpacks for trades professionals in the United States and abroad.

11. For over twenty years, Plaintiff has built and maintained a reputation amongst trades professionals for providing high quality and dependable tool bags.

12. Plaintiff is the owner of U.S. Patent No. 9,345,301, for a Supported Composite Tool Pack, issued by the United States Patent Office on May 24, 2016 (hereinafter referred to as "the '301 patent"). A true and correct copy of the '301 patent is attached hereto as Exhibit A.

13. Plaintiff is the owner of now expired U.S. Patent No. 6,915,902, for a Tool Bag, issued by the United States Patent Office on July 12, 2005 (hereinafter referred to as "the '902 patent"). A true and correct copy of the '902 patent is attached hereto as Exhibit B.

14. Plaintiff is the owner of U.S. Design Patent No. D6,135,507, for an Open Top Carrier, issued by the United States Patent Office on April 13, 2010 (hereinafter referred to as "the '507 patent"). A true and correct copy of the '507 patent is attached hereto as Exhibit C.

15. Plaintiff has and continues to give notice to the public that its products are patented, in accordance with 35 U.S.C. § 287, by fixing the number(s) of the patent(s) on its products and/or or by fixing thereon an address of a posting on the Internet that associates the patented article(s) with the number(s) of the patent(s).

16. Plaintiff designs its products with distinctive, non-functional, features that customers associate with Veto Pro Pac.

17. Plaintiff owns trade dress rights in its products, namely its tool bags, protected under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

18. Defendant Velocity entered the market after Plaintiff using the name "Velocity Pro Gear," which is confusingly similar to "Veto Pro Pac," and has been systematically duplicating Plaintiff's product offerings and imitating Plaintiff.

4857-3627-0486, v. 1

19. Defendant Velocity's website replicates the look and feel of Plaintiff's website with the same color scheme and a landing page having substantially similar navigation features and icons "to find your perfect tool bag."

20. On or about November 30, 2020, counsel for Plaintiff wrote to Defendant Velocity putting Defendant Velocity on notice of its infringement of the '301 patent, the '902 patent, and Plaintiff's trade dress rights.

21. On or about December 7, 2020, Defendant Velocity alleged through counsel that it was not selling any of the accused products in the United States.

22. After December 7, 2020, Defendant Velocity's products continued to be offered for sale and sold, directly and through distributors, to customers in the United States.

23. On or about June 13, 2022, counsel for Plaintiff again wrote to Defendant Velocity regarding its continued infringement of the '301 patent, the '902 patent, and Plaintiff's trade dress rights, and its infringement of the '507 patent.

24. On or about June 29, 2022, counsel for Defendant Velocity responded alleging that any shipments to the United States were unplanned and therefore likely limited in number.

25. On or about August 4, 2022, counsel for Plaintiff wrote to Defendant Velocity requesting assurances that its infringing conduct would cease and requesting an accounting of Defendant Velocity's sales in the United States. No response was received from Defendant Velocity or its counsel.

26. Defendant Velocity's products continue to be offered for sale and sold, directly and/or through distributors, to customers in the United States.

27. Defendant Velocity encourages customers outside of the United Kingdom to order its products from its partner, Defendant Tool Monster, also based in the United Kingdom.

28. Defendant Tool Monster has and continues to offer to sell, sell, and ship Defendant Velocity's products to customers in the United States.

29. Defendant Tool Monster's website offers shipping to the United States for Defendant Velocity's products and Defendant Tool Monster has shipped, and upon information and belief continues to ship, Defendant Velocity's products to the United States, including to Connecticut.

30. Plaintiff has been harmed, and will continue to be harmed, by Defendants' infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,345,301

31. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

32. Defendants have directly and/or indirectly infringed the '301 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products that practice one or more claims of the '301 patent in violation of 35 U.S.C. § 271.

33. Defendants have directly infringed, and upon information and belief continue to directly infringe, at least claims 12-15 of the '301 patent by offering to sell, selling and/or importing into the United States the Rogue 4.5 backpack and variations thereof in violation of 35 U.S.C. § 271(a).

34. Defendants have indirectly infringed, and upon information and belief continue to indirectly infringe, at least claims 12-15 of the '301 patent by actively inducing others to offer to sell, sell and/or import into the United States the Rogue 4.5 backpack and variations thereof in violation of 35 U.S.C. § 271(b).

5

35. Defendants have directly infringed, and upon information and belief continue to directly infringe, at least claims 12-15 of the '301 patent by offering to sell, selling and/or importing into the United States the Rogue 5.0 backpack and variations thereof in violation of 35 U.S.C. § 271(a).

36. Defendants have indirectly infringed, and upon information and belief continue to indirectly infringe, at least claims 12-15 of the '301 patent by actively inducing others to offer to sell, sell and/or import into the United States the Rogue 5.0 backpack and variations thereof in violation of 35 U.S.C. § 271(b).

37. Plaintiff has been harmed, and will continue to be harmed, by Defendants' infringement of the '301 patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,915,902

38. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

39. Though the '902 patent expired in November 2022, past damages for infringement of the '902 patent occurring prior to expiration are recoverable and sought in this action.

40. Defendant Velocity has directly and/or indirectly infringed the '902 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products that practice one or more claims of the '902 patent in violation of 35 U.S.C. § 271.

41. Prior to the expiration of the '902 patent, Defendant Velocity directly infringed claims 1-7 of the '902 patent by offering to sell, selling and/or importing into the United States the Rogue 4.5 backpack and variations thereof in violation of 35 U.S.C. § 271(a).

4857-3627-0486, v. 1

42. Prior to the expiration of the '902 patent, Defendant Velocity indirectly infringed claims 1-7 of the '902 patent by actively inducing others to offer to sell, sell and/or import into the United States the Rogue 4.5 backpack and variations thereof in violation of 35 U.S.C. § 271(b).

43. Prior to the expiration of the '902 patent, Defendant Velocity directly infringed claims 1-7 of the '902 patent by offering to sell, selling and/or importing into the United States the Rogue 5.0 backpack and variations thereof in violation of 35 U.S.C. § 271(a).

44. Prior to the expiration of the '902 patent, Defendant Velocity indirectly infringed claims 1-7 of the '902 patent by actively inducing others to offer to sell, sell and/or import into the United States the Rogue 5.0 backpack and variations thereof in violation of 35 U.S.C. § 271(b).

45. Plaintiff has been harmed by Defendant Velocity's infringement of the '902 patent.

## COUNT III – INFRINGEMENT OF U.S. DESIGN PATENT NO. D6,135,507

46. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

47. Defendants have directly and/or indirectly infringed the '507 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products that practice the claim of the '507 patent in violation of 35 U.S.C. § 271.

48. Defendants have directly infringed, and upon information and belief continue to directly infringe, the claim of the '507 patent by offering to sell, selling and/or importing into the United States the Rogue PB 8.0 bag and variations thereof in violation of 35 U.S.C. § 271(a).

4857-3627-0486, v. 1

49. Defendants have indirectly infringed, and upon information and belief continue to indirectly infringe, the claim of the '507 patent by actively inducing others to offer to sell, sell and/or import into the United States the Rogue PB 8.0 bag and variations thereof in violation of 35 U.S.C. § 271(b).

50. Defendants have directly infringed, and upon information and belief continue to directly infringe, the claim of the '507 patent by offering to sell, selling and/or importing into the United States the Rogue 3.0 open tote and variations thereof in violation of 35 U.S.C. § 271(a).

51. Defendants have indirectly infringed, and upon information and belief continue to indirectly infringe, the claim of the '507 patent by actively inducing others to offer to sell, sell and/or import into the United States the Rogue 3.0 open tote and variations thereof in violation of 35 U.S.C. § 271(b).

52. Plaintiff has been harmed, and will continue to be harmed, by Defendants' infringement of the '507 patent.

## COUNT IV – UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. 1125(a) – FALSE DESIGNATION OF ORIGIN AND TRADE DRESS

53. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

54. Plaintiff has valid and protectable rights in the distinctive trade dress for its tool bags.

55. Defendants have and continue to systematically duplicate Plaintiff's product offerings and imitate Plaintiff in violation of Plaintiff's trade dress rights.

8

56. Plaintiff's ownership and exclusive use in commerce of the trade dress for tool bags predates the use by Defendants of the same source identifying characteristics on its tool bags.

57. Upon information and belief, Defendants' products are intended to capitalize on and free ride off of the success that Plaintiff has achieved with its unique combination of features on its bags.

58. Plaintiff is known, for example, by its distinctive handles, uniquely shaped bases with exposed rivets, patterned padding surfaces on its backpacks, its black, grey, and orange color schemes and logos affixed to its products, and grey pocket reinforcements. One or more of these features are replicated in most if not all of Defendants' products.

59. Plaintiff's products generally have a rounded front flap and diagonally positioned straps with a label in between. These features are replicated in at least the Rogue 4.0, Rogue 4.5, Rogue 5.0, Rogue 6.0 products offered by Defendants.

60. Defendants' logos and insignia, affixed to its products and appearing on its website, are accented with an orange color that is the same or substantially similar color used by Plaintiff.

61. These and many other features, collectively contributing to the image and overall appearance of Plaintiff's products, are distinctive, non-functional, and have become uniquely associated with Plaintiff.

62. Plaintiff and Defendants sell the relevant goods through overlapping sales channels including but not limited to both selling their goods through the internet and/or to trades professionals.

63. Defendants' conduct is not merely *likely* to cause confusion as to the source of its products but has indeed caused actual confusion.

4857-3627-0486, v. 1

64. Defendants' conduct is likely to cause initial interest, forward, reverse, and/or post-sale confusion, to the irreparable harm and detriment of the Plaintiff and the substantial goodwill it has developed in its trade dress, its brand, and with its consumers.

65. Defendants use the confusingly similar trade dress in connection with its tool bags, as described above, in interstate commerce in connection with the sale, offering for sale, and distribution, and/or advertising of its tool bags.

66. Defendants' use in commerce of the confusingly similar trade dress, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial activity.

67. Plaintiff has been harmed, and will continue to be harmed, by Defendants' actions in violation of 15 U.S.C. § 1125(a).

68. Upon information and belief, Defendants' conduct is willful and intentional. Defendants are and were, at all relevant times, both actually and constructively aware of Plaintiff's prior use and ownership of the trade dress, and therefore Defendants' conduct is also willful and intentional.

**COUNT V – CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUPTA")**

69. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

4857-3627-0486, v. 1

70. Pursuant to the Connecticut Unfair Trade Practices Act (hereinafter "CUPTA"), Conn. Gen. Stat. § 42-110a, et seq., it is unlawful to engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

71. By engaging in the acts alleged above, Defendants have willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

72. Defendants have benefitted, and continue to benefit, from the unlawful use of Plaintiff's trade dress, deceiving both current and potential customers.

73. Defendants' willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

74. Defendants' conduct has caused and will continue to cause substantial injury to Plaintiff and to the public interest.

75. Defendants committed such acts, and continue to commit such acts, in the conduct of trade or commerce.

76. Plaintiff has suffered, and if Defendants are not enjoined will continue to suffer, an ascertainable loss of money or property as a result of Defendants' actions.

77. By virtue of the above conduct, Defendants have engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of CUPTA, Conn. Gen. Stat. § 42-110a, et seq.

78. Defendants' continued unlawful and unfair trade practices is causing and will cause Plaintiff irreparable harm.

79. A copy of this Complaint has been mailed to the Attorney General as required by Conn. Gen. Stat. § 42-110g(c).

## COUNT VI – COMMON LAW UNFAIR COMPETITION

80. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

81. Defendants' conduct as described above constitutes unfair competition under common law.

82. Defendants' actions have damaged Plaintiff and Plaintiff has and will continue to be irreparably harmed unless Defendant is enjoined by this Court.

## DEMAND FOR JURY TRIAL

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues so triable.

4857-3627-0486, v. 1

**PRAYER FOR RELIEF**

Plaintiff prays for relief and demand judgment as follows:

1. That judgment be entered that Defendants have infringed one or more of the asserted patents, directly and indirectly, by way of inducement or contributory infringement, literally or under the doctrine of equivalents;

2. That, in accordance with 35 U.S.C. § 283, Defendants and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the asserted patents and (2) making, using, selling, and offering for sale the infringing products;

3. That judgment be entered that (i) Defendants' use of the confusingly similar trade dress in connection with its tool bags constitutes false designation of origin in violation of 15 U.S.C. § 1125; (ii) Defendants have infringed Plaintiff's trade dress in violation of 15 U.S.C. § 1125; and that both of the foregoing wrongful activities by Defendants were willful.

4. That this court enter an injunction against further infringement and false designation of origin concerning Plaintiff's trade dress for tool bags, and further unfair competition and unfair or deceptive acts or practices related thereto, by Defendants and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, including at least from selling, offering to sell, distributing, importing, or advertising infringing products, or any other products that use a copy, reproduction, or colorable imitation of the Plaintiff's trade dress.

5. That Defendants be ordered to provide an accounting of all sales in and to the United States, directly and through distributors or other third parties;

4857-3627-0486, v. 1

6. An award of damages, including actual damages and/or Defendants' profits, under 35 U.S.C. § 284, 15 U.S.C. § 1117, and/or Conn. Gen. Stat. § 42-110g;

7. That the case be found exceptional under 35 U.S.C. § 285;

8. An award of attorneys' fees under 35 U.S.C. § 285, 15 U.S.C. § 1117, and/or Conn. Gen. Stat. § 42-110g;

9. Costs and expenses in this action;

10. An award of prejudgment and post-judgment interest; and

11. Such other and further relief as the Court may deem just and proper.

Dated: December 13, 2023

**DILWORTH IP, LLC**

Attorneys for Plaintiff

/s/ Benjamin J. Lehberger
Benjamin J. Lehberger, Esq. (CT26880)
Julie Tolek, Esq. (*pro hac vice*, MA 688697)
470 James Street, Suite 007
New Haven, Connecticut 06513
Phone: (203) 220-8496
blehberger@dilworthip.com
jtolek@dilworthip.com
dilworthip@dilworthip.com

4857-3627-0486, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the Court's electronic filing system this 13th day of December, 2023.

/s/ Benjamin J. Lehberger
Benjamin J. Lehberger
